IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **JANET AVILES, JAMIEKA BROWN, STEPHANIE JACKSON, and KEL SHARPE**, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>**BAE SYSTEMS NORFOLK SHIP REPAIR, INC., and BAE SYSTEMS SHIP REPAIR INC.**,<br><br>    Defendants. | CASE NO.: 2:13-cv-00418 (AWA) (TEM) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
<u>DEFENDANTS' MOTION TO STAY CLASS DISCOVERY</u>**

**I.     INTRODUCTION**

Defendants BAE Systems Norfolk Shipyard, Inc. and BAE Systems Shipyard, Inc. (collectively, "BAE" or "Defendants") seek to stay "class discovery" pending the resolution of their Motion to Strike Class Allegations [Dkt. 22] and Partial Motion to Dismiss [Dkt. 24]. Since Defendants' Motion does not define "class discovery," and discovery has not yet been served, it is far from clear what specific relief BAE seeks.

BAE is not merely asking this Court to delay discovery as to the merits of Plaintiffs' class claims, or to postpone discovery on certain issues (*i.e.*, damages) until after liability has been established; it seeks to wholly preclude Plaintiffs from obtaining the information needed to establish that their gender discrimination and retaliation claims can and should be tried on a class basis. Because there is substantial overlap between discovery related to class certification issues and discovery pertaining to the merits of Plaintiffs' class *and* individual claims, and because a stay would substantially prejudice Plaintiffs' ability to meet the requirements for class

certification and to prove BAE has unlawfully discriminated against Plaintiffs and other similarly situated women, Defendants' motion should be denied.

## II.     RELEVANT PROCEDURAL BACKGROUND

Plaintiffs filed the operative First Amended Complaint ("Complaint") in this action on December 17, 2013. [Dkt. 10].  On February 24, 2014, Defendants filed their Answer to that Complaint [Dkt. 21] as well as two motions—one to strike all class allegations and one seeking partial dismissal of Plaintiffs' claims. [Dkt. Nos. 22-25].  Plaintiffs timely filed their oppositions to these motions on March 4, 2014. [Dkt. Nos. 35-37], and BAE filed its Replies on March 10, 2014 [Dkt. Nos. 41, 42].  The motions to strike class allegations and for partial dismissal are now ripe for the Court's consideration.

On February 28, 2014, prior to the Court's entry of a scheduling order in this case, Defendants filed the instant Motion to Stay Class Discovery.  [Dkt. 32]  On March 6, 2014, the Court entered a Rule 26(f) Pre-Trial Order [Dkt. 40], authorizing the parties to serve discovery, without any restriction in subject matter, and scheduling discovery to close on September 18, 2014, 60 days before trial.  The Pre-Trial Order further set the Federal Rule of Civil Procedure 16(b) scheduling conference for April 3, 2014.  In response to Defendants' request, which Plaintiffs did not oppose, the Court has indicated that the conference may be rescheduled to April 11, 2014.

## III.     ARGUMENT

### A.     BAE Fails to Demonstrate Good Cause to Stay Class Discovery.

Motions to stay discovery are considered under Federal Rule of Civil Procedure 26(c), *Wymes v. Lustbader*, 2012 U.S. Dist. LEXIS 68490, at *11-12 (D. Md. 2012), which provides that a "court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense" by, among other things, "forbidding the disclosure or discovery," or

"specifying terms . . . for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A)-(B). To establish good cause, Defendants must make "a specific factual showing that the interest of justice and considerations of prejudice and undue burden" merit the stay, "and that the benefits of a stay outweigh the cost of delay." *Id.* at *14 (internal quotation marks and citation omitted); *see also Cox v. Sampson County Bd. of Educ.*, 2013 U.S. Dist. LEXIS 58398, at *3 (E.D.N.C. 2013) (the burden for establishing good cause is on the moving party).

Motions to stay discovery are disfavored because delaying or prolonging discovery "can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Id.* at *16 (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988) (internal quotation marks omitted). Moreover, motions such as this one, which seek to stay discovery pending the resolution of a dispositive motion, are typically not granted unless the dispositive motion would dispose of the entire case. *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 203 (D. Md. 2006); *accord Wymes*, 2012 U.S. Dist. LEXIS 68490, at *15 n.9. Neither of BAE's pending motions would do that.

Because Defendants fail to make any specific factual showing that the interest of justice and considerations of prejudice and undue burden merit the stay of all "class discovery" in this putative class action discrimination case, their motion should be denied.

  **B. Staying All "Class Discovery" Would Substantially Prejudice Plaintiffs and Constitute an Abuse of Discretion.**

In this putative class action case, Plaintiffs Janet Aviles, Stephanie Jackson, Jameika Brown, and Kel Sharpe are challenging BAE's systematic discrimination against women at its Norfolk, Virginia shipyard. In the operative Complaint [Dkt. 10], Plaintiffs assert two claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e, *et seq.* for gender discrimination and retaliation on behalf of the class they seek to represent, and the same two claims on behalf of themselves individually.

As discussed at length in Plaintiffs' Opposition to Defendants' Motion to Strike Class Allegations [Dkt. 36], district courts must "look beyond the pleadings" and conduct a "rigorous analysis" to determine whether the requirements of Federal Rule of Civil Procedure 23 have been satisfied before deciding whether class claims can be certified under that Rule. *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 367 (4th Cir. 2004). That analysis will require this Court to determine, among other things, whether Plaintiffs have satisfied the "commonality" requirement of Rule 23(a). As the Supreme Court explained in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), to demonstrate commonality in an employment discrimination case like this one, plaintiffs will be required to proffer "significant proof" that the employer "operated under a general policy of discrimination." *Id.* at 2553 (internal quotation marks omitted). If Plaintiffs are not afforded the opportunity to obtain and conduct class discovery, they will be precluded from developing such proof, and the Court will be deprived of the opportunity to engage in the rigorous Rule 23 analysis that the law requires. *Gariety*, 368 F.3d at 367.

Particularly in this district, which emphasizes the importance of resolving cases expeditiously, the practical effect of staying class discovery would be to deny Plaintiffs a full and fair opportunity to pursue their class claims and prevent them from seeking to prove that BAE has engaged in a pattern or practice of discrimination against women, as Plaintiffs allege here. *See* Dkt. 10 [Complaint], at ¶¶ 48, 49, 80, 82, 85, 104, 105, 108, 109, 111, 114, 119, 124, 286,

292.[1] Plaintiffs believe that they will require at least four months for class and individual discovery, which will include exchanging statistical information, obtaining expert analysis of such information, deposing a number of managers and supervisors, along with named plaintiffs, and deposing a number of 30(b)(6) witnesses. Plaintiffs will also require several weeks to prepare their class certification motion, which is likely to require a minimum of two months before it will be fully submitted, and which will necessitate further depositions during the briefing period. Finally, assuming the motion for certification is granted, an additional notice and opt out period of at least two to three months is required (for claims certified under Fed.R.Civ.P. 23(b)(3)). An outcome that delayed the discovery process could in effect deny the required discovery, which not only would be highly prejudicial to Plaintiffs, but would constitute an abuse of discretion. *Ardrey v. United Parcel Service*, 798 F.2d 679, 682 (4th Cir. 1986) ("[A] district court may not, through discovery restrictions, prevent a plaintiff from pursuing a theory or entire cause of action.")

### C. Defendants' Motion Should Be Denied Because There is Substantial Overlap Between Discovery on Class Issues and Discovery Relating to the Merits of Plaintiffs' Class *and* Individual Claims.

---

[1] Where plaintiffs allege that an employer has engaged in a "pattern or practice" of discrimination against a certain class of employees, they are entitled to rely on and follow the burden-shifting framework and method of proof set forth in *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324 (1977). While *Teamsters* involved systemic disparate treatment claims brought by the government under 42 U.S.C. § 2000e-6, the method of proof endorsed in that case originated in the class context, in *Franks v. Bowman Transportation Co.*, 424 U.S. 747 (1976), and is generally available to private plaintiffs only in cases where they assert class claims. *See Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 761 (4th Cir. 1998), *vacated on other grounds*, 527 U.S. 1031 (1999) (pattern-or-practice method of proof is not available to private, non-class plaintiffs); *Chin v. Port. Auth. of N.Y. & N.J.*, 685 F.3d 135, 149-50 (2d Cir. 2012) (collecting cases and holding that while "[e]vidence of an employer's general practice of discrimination may be highly relevant to an individual disparate treatment or to a disparate impact claim[,] [o]utside the class context, . . . private plaintiffs may not invoke the *Teamsters* method of proof as an independent and distinct method of establishing liability.") Thus, by granting Defendants' motion to stay all "class discovery," the Court would effectively prevent Plaintiffs from seeking to prove BAE's liability for discrimination using the pattern or practice proof structure.

Plaintiffs Janet Aviles and Stephanie Jackson have been employed in production and maintenance positions at the Norfolk shipyard that is currently operated by BAE since the 1980s. Dkt. 10 at ¶¶ 7, 9, 126-221. Ms. Brown and Ms. Sharpe have worked there for eight and three years, respectively. *Id.* at ¶¶ 8, 10, 222-282. Each Plaintiff works in a different "shop," or department. *Id.* at ¶¶ 7-10.

Defendants assert that if their pending motions to strike all class allegations and partially dismiss Plaintiffs' claims are granted, the effect would be to moot the need for discovery "regarding the circumstances of most, if not all, other females at the . . . Shipyard," "reduce the temporal scope of individual and class claims in this case by four years," and "remove an entire category of employment actions - job placement at hire - from the case." Def. MOL at 2. In reality, even if Defendants' pending motions were granted, and class certification was preemptively denied based on the pleadings alone – a highly disfavored and unlikely outcome[2] – it would yield none of these claimed effects.

First, Defendants do not specify what "the circumstances" of other women in the shipyard means, much less explain how the workplace conditions and experiences of other female employees at BAE are relevant only to "class" issues, rather than to the merits of Plaintiffs' class *and* individual discrimination claims. In fact, discovery concerning the "circumstances" of other female (and male) employees in the shipyard would be highly relevant to Plaintiffs' individual discrimination claims, which will require them to show that similarly-situated employees outside their protected class were treated more favorably. *Gerner v. Cnty. of Chesterfield*, 674 F.3d 264, 266 (4th Cir. 2012). Moreover, Plaintiffs will be entitled to discover

---

[2] *See* Plaintiffs' *Corrected* Memorandum of Law in Opposition to Defendants' Motion to Strike Class Allegations [Dkt. 37], at pp. 3-6 (discussing and citing cases standing for proposition that motions to strike class allegations and/or dismiss class claims are highly disfavored, especially when they are based "solely on what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification.") (quoting *Calibuso v. Bank of Am. Corp.*, 893 F. Supp. 2d 374, 383 (S.D.N.Y. 2012)).

6

and analyze statistical evidence related to the assignment, compensation, and promotion histories of other employees in production and maintenance positions at the shipyard since such information will be highly relevant to their individual disparate treatment claims. *See Lewis v. AT&T Technologies, Inc.*, 691 F. Supp. 915, 918-19 (D. Md. 1988) (emphasizing importance of similar statistical data in individual disparate treatment case); *see also Carter v. Ball*, 33 F.3d 450, 456 (4th Cir. 1994) ("In disparate treatment cases, we consider statistical evidence to be 'unquestionably relevant.'") (quoting *Ardrey v. United Parcel Service*, 798 F.2d 679, 684 (4th Cir. 1986)).

Discovery relating to the "circumstances" of other women at the shipyard will also be necessary and highly relevant to Plaintiffs' individual hostile work environment allegations, as workplace harassment directed towards other female employees at BAE may have contributed to the hostile work environment that Plaintiffs endured.[3] *See, e.g., Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 331-32 (4th Cir. 2003) (en banc) (jury could reasonably find that a female employee was the target of sex-based harassment when she frequently overheard and was present for sex-based comments and jokes shared between male co-workers); *see also Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 811 (11th Cir. 2010) ("It is enough to hear co-workers on a daily basis refer to female colleagues as 'bitches,' 'whores' and 'cunts,' to understand that they view women negatively, and in a humiliating or degrading way.")

Moreover, staying "class discovery" will do little or nothing to narrow the scope of electronically stored evidence ("ESI") that Plaintiffs will be entitled to seek, especially given that: (1) there are four named Plaintiffs, whose employment at the shipyard spans multiple departments (or "shops") and positions and dates back as far as 1986; (2) the proposed class is limited to employees at a single location, where Plaintiffs worked, (3) the class claims regarding

---

3   As discussed in Plaintiffs' Opposition to Defendants' Motion to Strike, it is well established that an employee need not be the direct target of harassment in order to bring a hostile work environment claim based on that harassment. *See* Dkt. 37 at p. 17.

pay and promotion discrimination apply only to women who, like Plaintiffs, worked in production and maintenance positions at the Norfolk shipyard, and (4) BAE's human resources and senior management personnel and offices are based at the same location where Plaintiffs and the proposed class members worked.  Thus, with respect to Plaintiffs' allegations of hostile work environment, for example, even in the absence of a class claim for gender discrimination, Plaintiffs would be entitled to discover e-mails and other forms of ESI reflecting BAE management's participation in and/or knowledge of offensive and discriminatory conduct, as well as its awareness of complaints concerning such conduct, because such evidence would be relevant to their individual claims.  *See e.g. Freeman v. Dal-Tile*, 2012 U.S. Dist. LEXIS 142376 (E.D.N.C. 2012) (ordering defendant to conduct search of supervisory employees' e-mails even though plaintiff did not allege she complained via e-mail or received harassing e-mails, because e-mails sought could be relevant to defendant's enforcement of policies and knowledge of harassment).

 Second, staying "class discovery" would not reduce the temporal scope of the claims at issue in this case.  To prove a gender-based hostile work environment at BAE, for example, will require Plaintiffs to conduct discovery predating the statute of limitations period, whether that claim is pursued on behalf of the class or only on behalf of the individual Plaintiffs.  *See Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) ("Provided that an act contributing to the [hostile work environment] claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.").

 Third, Defendants' contention that a stay of "class discovery" is warranted because their pending motions, if granted, would "remove an entire category of employment actions…from the case," Def. MOL at 2, is based on a false premise: namely, that Plaintiffs are bringing a separate claim for discrimination in initial job assignment at the time of hire.  However, as Plaintiffs set forth in the Complaint (*see* Dkt. No. 10 at ¶¶ 3(b), 286, 292), and reiterate in their oppositions to BAE's motions to strike and for partial dismissal (*see* Dkt. No. 35 at pp. 20-24 and Dkt. No. 37

at p. 14), the contention that BAE discriminates against female employees in production and maintenance positions with regard to their initial department assignment and job classification is tied to and part of the broader claim that BAE has engaged in pattern or practice of discriminating against these workers with respect to assignment and classification in a manner which "result[s] in *perpetual disparities* in pay and advancement for women in these positions." *Id.* at ¶ 3(b) (emphasis added). Because each named Plaintiff alleges that she has been subjected to discriminatory denials of raises and promotions, Plaintiffs will be entitled to conduct discovery about the causes of the *present* and *ongoing* disparities in their own rates of pay, including those which originate in classification and assignment decisions that were made at the time they were initially hired.

Finally, because Defendants seek to stay discovery that is inextricably intertwined with the merits of Plaintiffs' class and individual claims, and that has not yet been propounded, granting the present motion will only increase the likelihood of additional motion practice about how "class discovery" is defined or delimited, thus severely undermining judicial economy. To the extent Defendants find particular discovery requests unduly burdensome or costly, Plaintiffs will meet and confer to resolve, or at least narrow the scope of, such disputes. However, as no discovery requests are pending, Defendants' argument on this score is premature and entirely speculative.

### IV.   CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion to Stay Class Discovery be DENIED.

Dated:  March 14, 2014	Respectfully submitted,

By:    */s/ James H. Shoemaker, Jr.*
James H. Shoemaker, Jr., VSB No. 33148
**Patten, Wornom, Hatten & Diamonstein, L.C.**
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: (757) 223-4500
Facsimile: (757) 223-4518
Email: jshoemaker@pwhd.com

By:    */s/ Joshua Friedman*
Joshua Friedman, Esq.
*Admitted Pro Hac Vice*
Rebecca Houlding, Esq.
*Admitted Pro Hac Vice*
Giselle Schuetz, Esq.
*Admitted Pro Hac Vice*
**Law Offices of Joshua Friedman, P.C.**
1050 Seven Oaks Lane
Mamaroneck, New York 10543
Telephone: (212) 308-4338 x8
Facsimile: (866) 731-5553
Email: josh@joshuafriedmanesq.com

By:    */s/ Jennifer A. Reisch*
Jennifer Reisch, Esq.
*Admitted Pro Hac Vice*
Keasara Williams, Esq.
*Admitted Pro Hac Vice*
**Equal Rights Advocates**
180 Howard Street, Suite 300
San Francisco, CA 94105
Telephone: (415) 621-0672
Facsimile: (415) 621-6744
Email: jreisch@equalrights.org

**ATTORNEYS FOR PLAINTIFFS
AND THE PUTATIVE CLASS**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 14th day of March, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing (NEF) to the following:

Carson H. Sullivan (*pro hac vice*)
Barbara B. Brown (*pro hac vice*)
Paul Hastings, LLP
875 15th Street, N.W.
Washington, D.C. 20005
202-551-1700 (telephone)
202-551-1705 (facsimile)
carsonsullivan@paulhastings.com
barbarabrown@paulhastings.com

Counsel for Defendants BAE Systems Norfolk Ship Repair, Inc. and BAE Systems Ship Repair, Inc.

William C. Barker (*pro hac vice*)
Paul Hastings, LLP
1170 Peachtree Street N.E.
Suite 100
Atlanta, Georgia 30309
404-815-2400 (telephone)
404-815-2424 (facsimile)
corybarker@paulhastings.com

Counsel for Defendants BAE Systems Norfolk Ship Repair, Inc. and BAE Systems Ship Repair, Inc.

                                                */s/ James H. Shoemaker, Jr.*
                                       James H. Shoemaker, Jr., VSB No. 33148
                                       Patten, Wornom, Hatten & Diamonstein, L.C.
                                       12350 Jefferson Avenue, Suite 300
                                       Newport News, Virginia 23602
                                       Telephone: (757) 223-4500
                                       Facsimile: (757) 223-4518
                                       jshoemaker@pwhd.com
                                       Counsel for the Plaintiffs and the Putative Class