UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JANET AVILES, *et al.*,
*for themselves and on behalf of
all similarly situated individuals*,
      Plaintiffs,

v.                                                 Civil Action No. 2:13cv418

BAE SYSTEMS NORFOLK
SHIP REPAIR, INC., *and*
BAE SYSTEMS SHIP REPAIR,
      Defendants.

## ORDER

This class action suit was originally filed on July 29, 2013. On December 17, 2013, Plaintiffs Janet Aviles, Jamieka Brown, Stephanie Jackson, and Kel Sharpe filed an Amended Complaint against Defendants BAE Systems Norfolk Ship Repair, Inc. ("BAE Norfolk") and BAE Systems Ship Repair, Inc. ("BAE"). Plaintiffs seek to represent a class consisting of all female non-union employees of Defendants' Norfolk shipyard who have been discriminated against on the basis of sex. Am. Compl. paras. 101–02. Defendants dispute Plaintiffs' ability to bring this suit on a class basis.

The Amended Complaint asserts four claims: (1) sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, on behalf of the class; (2) sex discrimination in violation of Title VII, on behalf of Named Plaintiffs individually; (3) retaliation in violation of Title VII, on behalf of the class; and (4) retaliation in violation of Title VII, on behalf of Named Plaintiffs individually. Am. Compl. paras. 283–308, ECF No. 10. Plaintiffs seek declaratory and injunctive relief, lost wages, punitive damages, costs, attorney's fees, and interest. *Id.* at prayer for relief.

On February 21, 2014, Defendants filed a Motion to Strike (ECF No. 22) and a Partial Motion to Dismiss (ECF No. 24). Defendants' Motion to Strike asserts that Plaintiffs' claims cannot be litigated as a class action because they do not raise common questions of law and fact. Defendants' Partial Motion to Dismiss asserts that some of the incidents discussed in the Amended Complaint have been resolved or were not brought before the Equal Employment Opportunity Commission ("EEOC") in a timely manner.

For the following reasons, Defendants' Motion to Strike (ECF No. 22) and Partial Motion to Dismiss (ECF No. 24) are **DENIED**.

## I. FACTUAL BACKGROUND

Defendants have moved to dismiss portions of the Amended Complaint for failure to state a claim, and to strike the class allegations for failure to state a claim. In a motion to dismiss for failure to state a claim, the Court accepts the claimant's well-pled allegations as true. *E.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Such allegations are construed in the light most favorable to the claimant. *E.g.*, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Plaintiffs' allegations are as follows:

BAE Norfolk follows a hierarchical business structure. Am. Compl. para. 20, ECF No. 10. Bill Clifford is the President, and Russell Tjepkema is the Vice President. *Id.* Below Mr. Tjepkema are seven Craft Managers, each of whom supervises approximately three of BAE's twenty-two shops. *Id.* Each shop is managed by a Craft Shop Supervisor. *Id.* The remaining ranks are as follows: Assistant Craft Shop Supervisor, Supervisor (Steps One, Two, and Three), Specialist, Mechanic (First, Second, and Third Class), Handyperson (First, Second, and Third Class), and Helper (First and Second Class). *Id.*

Step Two Supervisors and all subordinate employees are union workers whose employment is governed by a Collective Bargaining Agreement ("CBA"). *Id.* at paras. 20, 27. All positions above Step Two Supervisor are non-union positions. *See id.*

The Labor Shop is structured differently from the other shops: the only ranks below Supervisor are First Class Laborer and Second Class Laborer. *Id.* at para. 29. As a result, First Class Laborers cannot be promoted without first being transferred to another shop. *Id.* Laborers receive less pay than other low-ranked workers. *Id.* at para. 30.

Employees in other shops are sometimes loaned to the Labor Shop. *Id.* at para. 31. While working for the Labor Shop, employees' progress towards advancement in their own shops is impeded. *Id.* at para. 53. Plaintiffs allege that female employees are loaned to the Labor Shop more frequently and for longer periods of time than male employees. *Id.*

The CBA provides that, whenever practicable, overtime for a task should be provided to the employees who are usually assigned to that task. *Id.* at para. 47. When this is not practicable, overtime is to be divided as equally as possible between employees of the same seniority. *Id.* The CBA further provides that BAE Norfolk should post lists where the employees can sign up to volunteer for overtime work. *Id.* at para. 48. BAE Norfolk may employ contractors to work overtime only in emergencies or when regular employees are unavailable. *Id.* at para. 49.

Plaintiffs allege that female employees are often denied overtime even after signing up for it, and male contractors are given overtime instead. *Id.* at paras. 48–49.

Under the CBA, union workers' pay is tied to the workers' ranks. *Id.* at para. 27. Craft Shop Supervisors and Craft Managers have discretion to determine the starting ranks of employees hired in their shops, subject to the approval of the Personnel Department. *Id.* at para.

3

37, 43–44. Plaintiffs allege that female employees frequently are assigned to lower starting ranks than similarly-qualified male employees. *Id.* at paras. 35, 37.

In order to progress between ranks, an employee must request a promotion from the Craft Shop Supervisor, and this request must be approved by the Craft Manager and the Personnel Department. *Id.* at para. 57. BAE Norfolk also has an unofficial requirement that an employee obtain a recommendation from a supervisor in order to be promoted. *Id.* at para. 76. The decision to make such a recommendation is discretionary. *Id.* Plaintiffs allege that supervisors and managers often exercise this discretion in a discriminatory manner. *Id.* at para. 58. Plaintiffs further allege that Human Resources often fails to inform employees of vacancies, preventing female employees from applying for them, and that female employees who seek promotions are required to meet standards that are not imposed on male employees. *Id.* at paras. 51–52, 55, 62.

As a result of this discrimination, female employees must often file union grievances to obtain promotions. *Id.* at para. 56. Because the Step Two Supervisors and Step Three Supervisors are union members, aggrieved employees are often forced to rely on those supervisors to pursue the grievances, even if the union official handling the grievance is the supervisor against whom the grievance is directed. *Id.* at para. 79. Even when these grievances are granted, the possibility of discrimination is not investigated, and the aggrieved employee does not receive back pay for the delay. *Id.* at para. 77–78.

BAE Norfolk has a four-year Apprenticeship Program, in which participants are promoted to First Class Mechanics. *Id.* at para. 59. BAE Norfolk also has a two-year Trainee Program that promotes Helpers to Second Class Handypersons. *Id.* at para. 60. Plaintiffs allege that female employees frequently are denied such training opportunities. *Id.* at para. 54.

By late 2012, there were only two women serving as Supervisors in the shops related to production and maintenance, and no woman had ever held a position above Assistant Craft Shop Supervisor in any shop. *Id.* at paras. 32–33. After learning that Plaintiffs intended to sue, BAE Norfolk promoted women to supervisory positions. *Id.* at para. 34.

Plaintiffs allege that "BAE has failed to create adequate incentives for its managers to comply with equal employment opportunity laws and has failed to adequately discipline its managers and other employees when they violate the anti-discrimination laws." *Id.* at para. 116. On several occasions, Vice President Tjepkema has commented on female employees' physical appearances and made sexually suggestive remarks directed at them. *Id.* at para. 64. Supervisors also make discriminatory remarks or sexual overtures to female employees without reprisal, and frequently exchange pornography at work. *Id.* at paras. 65–67. Lower-level workers regularly engage in sexual discussion and use derogatory terms to refer to women. *Id.* at paras. 68–69.

Female employees complain frequently to their supervisors, upper management, and Human Resources about this behavior. *Id.* at para. 72. Harassment complaints are usually disregarded or investigated inadequately. *Id.* at paras. 80, 82. When such complaints succeed, the wrongdoer is rarely disciplined effectively. *Id.* at para. 83. Female employees who complain about discrimination or harassment are often subjected to retaliation. *Id.* at para. 84.

Plaintiffs' Amended Complaint lists numerous incidents of alleged discrimination, harassment, and retaliation against Named Plaintiffs and other female employees of BAE Norfolk. *Id.* at paras. 126–282. Because Defendants do not contest the sufficiency of these allegations to state individual claims of sex discrimination and retaliation, the Court forgoes a recitation of these allegations.

Plaintiffs seek to represent a class consisting of "all female citizens of the United States who are, or have been, employed by BAE at the Norfolk Shipyard and have experienced gender discrimination at any time during the applicable liability period," excluding non-union managers and supervisors. *Id.* at paras. 101–02. Plaintiffs allege that this class includes more than one hundred members. *Id.* at para. 103.

## II. STANDARD OF LAW

### A. MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to seek dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2014). A motion to dismiss for failure to state a claim should be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Requiring a claim to be plausible "does not impose a probability requirement at the pleading stage." *Id.* at 556. However, it does require more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Because conclusory allegations "necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief,'" a "'formulaic recitation of the elements of a cause of action will not do.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 557).

A 12(b)(6) motion "test[s] the sufficiency of a complaint" and does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (alteration provided) (quoting *Edwards v. City*

6

*of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)) (internal quotation marks omitted). As noted, a court should assume the truth of well-pleaded factual allegations. *Iqbal*, 556 U.S. at 679. Although the truth of the facts alleged is assumed, and the facts are taken in the light most favorable to the plaintiff, courts are not bound by "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

B. TITLE VII

This Court has subject matter jurisdiction over job discrimination claims only if they were within the scope of the claimant's EEOC charge. *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). For a claim to be within the scope of an EEOC charge, it must be "stated in the initial charge, . . . reasonably related to the original complaint, . . . [or] developed by reasonable investigation of the original complaint." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). If an incident occurred more than 300 days before the filing of the plaintiff's EEOC charge, it can be raised in a subsequent lawsuit only if it was part of a continuing violation and at least one act in that violation occurred within the 300-day statute of limitations. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002). However, discriminatory events that do not provide bases for relief "may still constitute relevant background evidence for valid claims." *Evans*, 80 F.3d at 962.

C. CLASS ALLEGATIONS

A court may certify a class action only when "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2) (2014). "This does not mean merely that they have all suffered a violation of the same provision of law." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2251 (2011). Instead, "[t]heir claims must depend upon a common contention." *Id.* "That

common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (omission in original) (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009)) (internal quotation marks omitted).

While the decision whether to certify a class action is normally made after discovery, "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Because motions to strike class allegations challenge the sufficiency of the pleadings, they are addressed under the same plausibility standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Global Hub Logistics v. Tamerlane Global Servs., Inc.*, No. 1:12-cv-1350, 2013 WL 1332048, at *3 (E.D. Va. Mar. 29, 2013) ("In reviewing a motion to strike, a court . . . 'must view the pleading under attack in a light most favorable to the pleader.'" (quoting *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 232 (E.D.N.C. 2010))); *cf. Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (stating that motions arguing that subject matter jurisdiction is insufficiently pled are resolved under the same standard as motions under Rule 12(b)(6)).

### III. ANALYSIS

Defendants have filed a Motion to Strike Plaintiffs' class allegations and a Partial Motion to Dismiss. The Partial Motion to Dismiss is addressed first.

A. PARTIAL MOTION TO DISMISS

In their Partial Motion to Dismiss, Defendants assert that (1) some of Ms. Aviles's claims are barred by a Conciliation Agreement that resulted from an earlier EEOC charge; (2) Plaintiffs did not exhaust their administrative remedies with respect to some of the allegations in the Amended Complaint; and (3) Plaintiffs' allegations of discriminatory hiring are time-barred.

Defendants do not dispute that some of the allegations in the Amended Complaint are properly before the Court and that these undisputedly permissible allegations are sufficient to state claims of discrimination and retaliation with respect to each Named Plaintiff.

Even factual allegations which cannot provide relief "may still constitute relevant background evidence for valid claims." *Evans*, 80 F.3d at 962. Therefore, even assuming that the challenged allegations cannot provide freestanding bases for relief, those allegations are nonetheless properly included in the Amended Complaint as relevant background evidence. Such evidence is especially relevant because Plaintiffs bear a burden of establishing that Defendants "operated under a general policy of discrimination." *Dukes*, 131 S. Ct. at 2553 (quoting *Falcon*, 457 U.S. at 159 n.15) (internal quotation marks omitted).

Defendants' Partial Motion to Dismiss is **DENIED**.

B. MOTION TO STRIKE CLASS ALLEGATIONS

Defendants have also moved to strike Plaintiffs' class allegations. Defendants argue that Plaintiffs' class allegations are barred by *Wal-Mart v. Dukes*, 131 S. Ct. at 2554–55. Defendants also argue that Plaintiffs lack standing to bring claims of discriminatory hiring because Named Plaintiffs' individual claims of discriminatory hiring are purportedly time-barred. Finally, Defendants argue that Plaintiffs' claims of retaliation and requests for monetary damages preclude class certification because those issues are inherently individualized.

Defendants' reliance on *Dukes* is unavailing. *Dukes* held that plaintiffs can pursue class actions under Title VII if they offer "[s]ignificant proof that an employer operated under a general policy of discrimination" and "the discrimination manifested itself in hiring and promotion practices in the same general fashion, such as through entirely subjective decisionmaking processes." *Id.* at 2553 (alteration in original) (quoting *Falcon*, 457 U.S. at 159 n.15) (internal quotation marks omitted).

In *Dukes*, the plaintiffs submitted a social framework analysis of the defendant's corporate culture that concluded that the defendant's corporate structure was "vulnerable" to discrimination. *Id.* at 2553. The plaintiffs also submitted statistical and anecdotal evidence of discrimination. *Id.* at 2555. The Supreme Court held that the social framework analysis was too ambiguous to constitute "significant proof," and that the statistical and anecdotal evidence was unhelpful because evidence of discrimination in some regions did not provide evidence of a nationwide policy or practice of discrimination. *Id.* at 2554–55 ("In a company of [the defendant's] size and geographical scope, it is quite unbelievable that all managers would exercise their discretion in a common way without some common direction."). As a result, the Supreme Court held that class certification in that case was improper. *Id.* at 1556–57.

The Fourth Circuit later recognized that *Dukes* "did not set out a per se rule against class certification where subjective decision-making or discretion is alleged." *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 113 (4th Cir. 2013). "[E]ven in cases where the complaint alleges discretion, if there is also an allegation of a company-wide policy of discrimination, the putative class may still satisfy the commonality requirement for certification." *Id.* at 114.

Plaintiffs' allegations meet this standard. Unlike the plaintiffs in *Dukes*, who relied on an inconclusive study and "a few anecdotes selected from literally millions of employment

decisions," *Dukes*, 131 S. Ct. at 2553, 2556 n.9, Plaintiffs have alleged that Defendants' senior management publicly demonstrated discriminatory behavior, Am. Compl. para. 64, ECF No. 10. Such allegations, coupled with the fact that the managers in this case, unlike the managers in *Dukes*, are concentrated in one location, make it plausible that Defendants have encouraged a company-wide attitude of discrimination that has "manifested itself in hiring and promotion practices in the same general fashion" with respect to all prospective class members. *Dukes*, 131 S. Ct. at 2553 (quoting *Falcon*, 457 U.S. at 159 n.15) (internal quotation marks omitted). Therefore, *Dukes* does not preclude class certification in this case.

Defendants also argue that Plaintiffs' mention of discriminatory hiring in their class allegations is improper because Named Plaintiffs' claims of discriminatory hiring are time-barred. Even if Named Plaintiffs cannot state claims for discriminatory hiring, their allegations that they were subject to discriminatory hiring are relevant to their discriminatory pay claims. Specifically, it is possible that Defendants will respond to Named Plaintiffs' discriminatory pay claims by arguing that Plaintiffs' pay is based on gender-neutral pay scales. *See* Am. Compl. para. 27 (discussing these scales). Named Plaintiffs' discriminatory hiring allegations help to rebut this argument by asserting that women are placed at lower ranks on these scales than equally qualified men, resulting in women receiving lower pay despite the facial neutrality of the pay system. Because Named Plaintiffs' discriminatory hiring allegations provide useful background evidence for Plaintiffs' discriminatory pay claims, those allegations are properly included in the Amended Complaint. *Evans*, 80 F.3d at 962.

Defendants also argue that Plaintiffs' retaliation claims cannot be brought on a class basis because such claims are inherently individualized. Retaliation claims often involve individualized questions, but they can be brought on a class basis if the plaintiffs "establish[] a

general practice of retaliation against employees who opposed discriminatory practices or exercised rights protected under Title VII." *Holsey v. Armour & Co.*, 743 F.2d 199, 217 (4th Cir. 1984); *accord Dukes*, 131 S. Ct. at 2553 (requiring proof of a general policy of illegal conduct that manifested itself similarly with respect to all class members).

Here, the numerous instances of possible retaliation recited in the Amended Complaint, coupled with the discriminatory attitudes allegedly demonstrated by Defendants' upper management, make Plaintiffs' claims that Defendants operated under a general policy of retaliation plausible. Therefore, Plaintiffs' class retaliation claims are proper.

Finally, Defendants argue that Plaintiffs' claims for monetary damages are too individualized to be litigated on a class basis. The Supreme Court has held that when a plaintiff in a class action "seeks individual relief such as reinstatement or backpay after establishing a pattern or practice of discrimination," the district court should first decide the issue of discrimination on a class basis and then conduct individualized proceedings on the issue of relief. *Dukes*, 131 S. Ct. at 2561.

Unlike the plaintiffs in *Dukes*, Plaintiffs do not rely solely upon "the bare existence of delegated discretion." *Id.* at 2555. Instead, Plaintiffs have alleged that Defendants' senior management actively encouraged discriminatory attitudes throughout the workplace. The claims of the class members can be resolved by common answers regarding the guidance that Defendants' upper management has given to lower managers and supervisors regarding sex discrimination. Defendants' challenge regarding the weight of the individual issues and class issues is best resolved after class discovery is complete. Therefore, Defendants' Motion to Strike is **DENIED**.

## IV. CONCLUSION

Plaintiffs have alleged facts that, if proven, will render class certification appropriate. Although Plaintiffs may be procedurally barred from obtaining relief for some of the incidents alleged, these allegations are properly included as background evidence for Plaintiffs' other claims.

Defendants' Motion to Strike (ECF No. 22) is **DENIED**.

Defendants' Partial Motion to Dismiss (ECF No. 24) is **DENIED**.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

June 9th, 2014
Norfolk, Virginia