```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
 2                      Norfolk Division

 3          - - - - - - - - - - - - - - - - - - -
                                       )
 4    JANET AVILES, JAMIEKA BROWN,      )
      STEPHANIE JACKSON, and KEL        )
 5    SHARPE, on behalf of             )
      themselves and all others        )   CIVIL ACTION NO.
 6    similarly situated,              )   2:13cv418
                                       )
 7          Plaintiffs,                )
                                       )
 8    v.                                )
                                       )
 9    BAE SYSTEMS NORFOLK SHIP          )
      REPAIR, INC., and BAE SYSTEMS     )
10    SHIP REPAIR, INC.,                )
                                       )
11          Defendants.                )
      - - - - - - - - - - - - - - - - - - -
12

13                   TRANSCRIPT OF PROCEEDINGS

14                      Norfolk, Virginia

15                       May 28, 2014

16
      BEFORE:  THE HONORABLE TOMMY E. MILLER
17             United States Magistrate Judge

18
      APPEARANCES:
19
               LAW OFFICES OF JOSHUA FRIEDMAN, P.C.
20             By:  Joshua Friedman
                         And
21             EQUAL RIGHTS ADVOCATES
               By:  Jennifer Reisch
22                  Counsel for the Plaintiffs

23             PAUL HASTINGS, LLP
               By:  Carson H. Sullivan
24                  William C. Barker
                    Stefanee Handon
25                  Counsel for the Defendants
```

1          (Hearing commenced at 4:00 p.m.)

2          MS. SULLIVAN:  Your Honor, hi.  These are the

3     counsel in the Aviles versus BAE case.  Thank you for making

4     the time.  Probably we should tell you who is on the call.

5          THE COURT:  First, let me tell you that Jody

6     Stewart, who is an official court reporter, is here and will

7     be taking all this down.  So she'll be happy to prepare a

8     transcript for you at whatever the market will bear or the AO

9     will allow.

10          I also have an extern in here, Clark Bonney, and my

11     law clerk, Alexa Roggenkamp.

12          I have no idea what you are calling about, but I

13     think you're right, except a discovery issue, identify who is

14     calling first.  Start with the plaintiffs.

15          MS. REISCH:  Good afternoon, Your Honor.  This is

16     Jennifer Reisch with Equal Rights Advocates for the

17     plaintiff.

18          MR. FRIEDMAN:  And Joshua Friedman, Office of Joshua

19     Friedman for the plaintiffs, Your Honor.

20          MS. SULLIVAN:  This is Carson Sullivan for the BAE

21     defendants from Paul Hastings, and Cory Barker is also on the

22     line, and our associate Stefanee Handon.

23          MR. BARKER:  Good afternoon, sir.

24          THE COURT:  Good afternoon.

25          When you make your presentations, if you would say

1    who's talking so that the court reporter can accurately

2    transcribe.

3           All right.  Who is first?  I don't know what the

4    motion is about.

5           MS. SULLIVAN:  Your Honor, this is Carson Sullivan

6    for defendants, and we are the ones that initiated the call.

7    Both parties e-mailed about it and decided that we would take

8    you up on your offer from our scheduling conference that

9    before formal discovery motions were filed, we would call you

10   to discuss some of the disputes the parties were having.  The

11   reason for this call, and I should preface it by saying that

12   I do believe there are substantial discovery disputes.

13          However, the reason for this call, the defendants

14   wanted to make this call, is it's about the plaintiffs'

15   insistence or apparent insistence that we make witnesses

16   available for 30(b)(6) depositions next week.

17          We believe there are major disputes over the scope

18   of discovery, and it's sort of a little bit of a tortured

19   history, but I'll just go through it very briefly and then

20   plaintiff, I'm sure, will also have something to say about

21   it.  But early on in the case we noticed the plaintiffs'

22   depositions, and through that process we also indicated our

23   willingness to put our own witnesses up for deposition.

24   There was no discussion of whether they would be 30(b)(6) or

25   regular witnesses, but we did say that we would work

1    cooperatively to schedule these depositions.

2          I think the crux of why we are here is the

3    plaintiffs were operating under some assumption that we

4    definitively agreed to have those depositions take place the

5    week of June 2nd, and that's just not the case.

6          Before, in our discussions, before we got -- we did

7    not receive a 30(b)(6) notice until very late, I think it was

8    May 7th, but that's really not the issue.  The real issue is

9    that we served our discovery objections on April 21st, and

10   this is the plaintiffs' first request for productions, and

11   those objections very clearly set out the burden, the time

12   frame arguments that we believe entitle us, you know, not to

13   have to produce everything the plaintiffs have demanded.

14         We produced our responses on May 5th.  Since that

15   time, the plaintiffs have also filed or served second

16   requests for production of documents, many of which overlap

17   to a good degree with some of the 30(b)(6) topics they'd like

18   to cover.

19         Our objections to those requests are not even due

20   until next week, and our responses are not due until

21   mid-June, June 16th.  Initially, when I realized that the

22   plaintiff -- they have not met and conferred with us over any

23   of our objections.  So right now we have set forth our

24   position on time frame and scope and burden, and it's just

25   sort of that's been all there's been.  So when the plaintiffs

1    brought up again they wanted to start depositions, I said,

2    look, I don't really think it's fair, until these discovery

3    disputes are borne out, for us to put up a witness and then

4    have to piecemeal bring them back or hold depositions open.

5    Why don't we meet and confer over these document issues, get

6    that resolved and then have the depositions because discovery

7    goes on until September 18th.  I don't think there is a

8    pressing need for depositions to occur before these issues

9    are worked out.

10           I think that, and I do sympathize, I think that

11   Ms. Wright has travel restrictions coming up due to a

12   pregnancy, and I sympathize with that.  But I don't think

13   that's a reason to press forward with depositions when the

14   plaintiffs have not met and conferred with us over these

15   substantial issues in the case.  I can go through them, but

16   that's sort of our position.

17           The plaintiffs have said they are going to send us a

18   meet and confer letter.  We haven't gotten one.  In a

19   nutshell, one of the biggest disputes is over the time frame

20   of discovery and the burden of going back, as far as the

21   plaintiffs' claim, that we have to.  We'd like to brief that

22   up and file a motion, but we really haven't had any

23   substantial meet and confer about it.

24           So I guess the reason for our call is to ask for

25   your assistance.  It's the defendant's position that the

1   depositions next week are just too early.  We are absolutely

2   going to cooperate, but starting next week, without having

3   conferred and dealt with these discovery issues, it just

4   doesn't make sense.

5           THE COURT:  All right.  Who will speak on behalf of

6   the plaintiffs?

7           MS. REISCH:  This is Jennifer Reisch, Your Honor,

8   and I will speak on behalf of the plaintiffs with respect to

9   what we initiated or agreed to this call to discuss.

10          We are in agreement on one thing in matters that

11  defendants have not complied with our deposition notice,

12  which we served approximately three weeks ago after having

13  some informal discussions about the fact that we would be

14  scheduling -- that we initiated, in order to avoid disputes

15  over the timing of 30(b)(6) depos prior to actually serving

16  the notice.  We served the notice, and they indicated that

17  they were, in fact, available the week of June 2nd and June

18  9th.

19          To date, Your Honor, they have refused to comply

20  with the basic requirement of designating for us the

21  individuals and their job titles who will be designated as

22  30(b)(6) witnesses.  They have refused to give us dates and

23  are now sort of conflating apples and oranges by saying that

24  we can't take the depositions that we want to take until we

25  have worked out all of the discovery disputes that we have

1    with them with respect to document production.

2         To begin with, we have been diligently complying

3    with our discovery obligations, and, in fact, will be getting

4    them a formal meet and confer letter with respect to the

5    discovery, the request for documents and interrogatories,

6    focusing on the temporal scope issue and other issues today.

7         They did, on the same day that their responses were

8    due, serve us with a proposed protective order which then I

9    had to take the time to review and make some supposed changes

10   to.  They are now saying they were going to continue to

11   withhold documents that they concede are responsive and

12   discoverable on the grounds that some of them, they believe,

13   are confidential documents, and we have still not resolved

14   the issue of the definition of confidential that will apply

15   under the stipulated or, hopefully, stipulated protective

16   order.

17        Of course, if we can't resolve that issue, then they

18   will need to bring that to the Court's attention.  But with

19   respect to the 30(b)(6) witnesses, all we are asking for is

20   that they designate the witnesses that they are going to

21   designate.  They have not even told us the identity of the

22   persons or the exact number of persons that will be

23   designated.  They need to designate those people, and they

24   need to identify which topics they are going to be

25   discussing.  So that's the first order of business.

1          The issue of which dates we go on, in the deposition

2    notice we asked that they provide us with the names of the

3    individuals that would be designated and the subject matters

4    seven business days in advance to give us adequate time to

5    prepare for the depositions.

6          At this point, Your Honor, it's clear that they

7    haven't done that, and we are far less than seven business

8    days away from June 2nd, so we are not supposing and we are

9    not on the call today to insist that those depositions happen

10   the week of June 2nd.  We are simply insisting that they

11   comply with their obligations by actually designating who

12   they are going to designate and telling us the subject

13   matters and giving us dates when they are available.

14         We fully cooperated with their notices of deposition

15   to our clients.  Those depositions have all actually

16   occurred.  They occurred in Norfolk, and they have completed

17   the depositions.  It's three of the four named plaintiffs,

18   and subject to meeting and conferring, plan to take

19   additional time with one of them.  We have been fully

20   cooperative with them on that.

21         With respect to the arguments about temporal scope,

22   first of all, the temporal scope in our discovery document

23   request and the temporal scope deposition questions are two

24   different issues.  We are entitled to take a deposition and

25   to ask the questions that we believe are relevant, and they

1    are basically asking, insisting that there be some sort of

2    prospective ruling on the temporal scope of questions, which

3    is just not how it works.  If they want to instruct the

4    witness not to answer during the course of the deposition,

5    they need to have grounds for doing so.  We don't believe

6    there are any grounds for them to do so at this point, and we

7    don't believe it's really possible to get any kind of

8    advisory or prospective ruling on whether or not any given

9    question about the subject matters and the notice is beyond

10   the temporal scope of potentially relevant discovery.

11          We are conferring with them with respect to the time

12   frame for production of documents, and ESI, or electronically

13   stored information, and as I said, we are going to be getting

14   them a meet and confer letter about that today, and we hope

15   that we will be able to reach some compromise with respect to

16   the temporal scope of their document production.

17          But when it comes to depositions, Your Honor, we

18   would like, you know, to just get the designees and get some

19   dates.  We will work amongst ourselves to make sure that

20   there is coverage regardless of any one attorney's physical

21   ability to travel.

22          THE COURT:  Response.

23          MS. SULLIVAN:  Your Honor, this is Carson Sullivan.

24   I will just briefly respond.  I'm a little bit shocked

25   because this is the first I'm hearing that they are not

1    insisting on going forward next week because that is why we

2    called.  We have been saying that we are happy to work with

3    them on dates for these depositions.  I think that

4    Mrs. Reisch said it best.  We have not met and conferred over

5    the documents.  I am speaking about the documents, and I

6    cannot imagine going forward with 30(b)(6) depositions when

7    there are such major document issues at issue that have not

8    been resolved.  We are talking about -- the plaintiffs

9    originally really had no limit on their document request, the

10   timing, and in their notice for deposition they have used the

11   2005 date.

12         Defendants believe that with burden and for other

13   issues that are still pending in our motion to dismiss, we

14   don't believe a temporal scope goes back anywhere past 2011.

15   We have indicated we'd be willing to discuss some

16   pre-liability discovery periods, but even assuming 2010, that

17   is still a huge five-year difference.  So none of these

18   things have been resolved.

19         MS. REISCH:  Your Honor.  Sorry.

20         MS. SULLIVAN:  As far as giving them the names, you

21   know, part of the problem is that they are sort of in this --

22   something going on with not being available for telephone

23   calls and their e-mails, but I don't think there is any

24   requirement that we give the names.  We've told them we have

25   two to three individuals that are going to cover the topics,

1    and we are willing to talk about longer time periods because

2    our witnesses will cover more than one topic.  I usually, as

3    a courteous, do give the names of the depositions, but

4    sitting here today, I thought that we were calling because

5    the plaintiffs were insisting on going forward next week.

6          MS. REISCH:  No.  I'm sorry, Your Honor.  I have to

7    respond to that.

8          THE COURT:  Ms. Sullivan.

9          Mrs. Reisch, Ms. Reisch, Ms. Reisch.

10         MS. REISCH:  I made it very clear in an e-mail that

11   I sent to Ms. Sullivan that the issue here was the complete

12   failure to comply with our notice which explicitly contains

13   an instruction asking for defendants to identify the

14   individuals to be designated, their job titles, and the

15   subject matters, and states that we would like that

16   information seven business days in advance.

17         Again, counsel is completely conflating and

18   confusing the issues here.  She is essentially saying that we

19   don't get to take depos when we want to take them.  We have

20   to take them when defendants think it is the right time for

21   us to take them, which is after all discovery disputes, with

22   respect to documents and the ESI, have been resolved, and

23   that's just not the case.

24         They noticed our plaintiffs' depositions very early

25   on before they had received any discovery responses or

1    documents from them.  We permitted -- we cooperated.  We

2    arranged to have them go forward.  They did go forward.

3    During those depositions, they asked our plaintiffs about

4    matters going back as far as the 1970s, years before any of

5    them even started working at BAE.

6         The scope of production of documents is an issue

7    that we are still meeting and conferring on.  We actually do

8    have a time period in the request for documents that we

9    believe is, in fact, based in the facts of this case, but we

10   are not here today to talk about that issue, and we don't

11   think it's right for the Court's involvement yet because,

12   again, we still have to meet and confer.

13        The issue here today is we need to get a response to

14   our 30(b)(6) notice, which has been pending with them for

15   three weeks and which we are entitled to get a response to in

16   terms of their actual available dates.  I would note that

17   with respect to those dates, there are e-mails going back and

18   forth confirming that we were holding the weeks of June 2nd

19   and June 9th.

20        The idea that we suddenly now are insisting on dates

21   and individuals to be identified as a new thing is really

22   without merit.

23        THE COURT:  Ms. Reisch, if you interrupt counsel

24   from the other side again, I'm going to hold you in contempt.

25        MS. REISCH:  I apologize, Your Honor.

1          THE COURT:  Let the other counsel finish.  I don't

2     think she was finished.  Then I will give you another shot at

3     discussing this.

4          Ms. Sullivan, I believe you were interrupted.  Is

5     there anything else you would like to say?

6          MS. SULLIVAN:  Your Honor, I just would like to say

7     that I'm just a little confused as to these things now that

8     they are saying.  It is hard to respond to all of them.  But

9     we fully intend to cooperate and give dates.  I have not

10    looked at it right before this call, but I don't believe they

11    are entitled to the names.

12         We are working on our designees, and I have told

13    them we have two to three, and I'm happy to give them the

14    names and work with them on dates.  It's just been one thing

15    after another, and we, in mid-April, before any of the

16    discovery had been dealt with before -- not dealt with, we

17    said that counsel would hold their calendars for those weeks,

18    but we will wait to get your notices and work with you to

19    schedule depositions.

20         I looked back at my e-mails.  I cannot speak to

21    specific individuals without knowing the names because we

22    never -- I actually didn't think that they were talking about

23    30(b)(6) depositions this early.  With that said, we are

24    willing to cooperate.  We are willing to get dates set, but

25    we are -- and Ms. Reisch has said it, they have not met and

1    conferred with us over these significant discovery issues.

2    Once that happens, and if we need to move for a protective

3    order, we will.  But we are not insisting on bringing their

4    plaintiffs back, except for the one who we weren't able to

5    finish, for various reasons.

6         What they are saying is we want to take the

7    depositions out of all of our documents, and by the way, we

8    will bring them back after that when we get more when the

9    discovery disputes are resolved, and we just don't think

10   that's fair.

11        MS. REISCH:  Mrs. Sullivan, are you finished?  I'm

12   sorry.  I don't want to interrupt.

13        MS. SULLIVAN:  Yes.

14        MS. REISCH:  Your Honor, I just want to say with

15   respect to that last comment, that is not true at all.  I, in

16   fact, have insisted in several e-mails that we are very well

17   aware of the time, the temporal limitations, the general

18   seven-hour rule that applies to each individual witness.  Of

19   course, the seven-hour rule doesn't apply to the 30(b)(6)

20   deposition as a whole.

21        But as I said to Ms. Sullivan, we would not, you

22   know, *a priori* hold -- seek to hold a deposition open

23   indefinitely pending production of documents.  We understand

24   that we are supposed to try to finish each designee within

25   seven hours, but, of course, there are means provided for

1    under the rules for good cause if there is some reason to

2    reopen or to continue or get additional time for a deposition

3    because, for example, of the scope of subject matter to be

4    covered by a certain individual witness, then we would seek

5    to meet and confer with them about the additional time

6    needed, and if we couldn't reach agreement, we would move the

7    Court for that relief.

8         But besides reserving our rights to do that, which

9    is only what the rules provide, I have never stated that we

10   were seeking to start the depos now and simply hold them open

11   indefinitely.  All we'd like, Your Honor, is for them to give

12   us dates and for them to designate the individuals and let us

13   know not just the names of the people but please let us know

14   which topics those individuals are going to be designated on

15   to ensure that we actually have coverage of the topics in the

16   notice and to allocate our time and preparation time

17   accordingly.

18        That's all we'd like to get from them, you know, out

19   of today's conference.

20        THE COURT:  Okay.  This is Judge Miller.  Rule

21   30(b)(6) says, in pertinent part, "The named organization,"

22   in this case that's the defendants, "must then designate one

23   or more officers, directors, or managing agents, or designate

24   other persons who consent to testify on its behalf; and it

25   may set out the matters on which each person designated will

1   testify."  So the rules require that, in response to the

2   subpoena, that the organization must identify the person,

3   and, if it wishes, it may set out the matters on which each

4   person designated will testify.  So that's required.

5           What is difficult about this conversation is you've

6   made the phone call, however, you're not able to agree what

7   the purpose of the phone call was or is.  So in the future on

8   any phone calls, prior to making the call, I would want

9   counsel who is making the motion to set out precisely what

10  the reason is for the phone call with copy of the letter to

11  the other side, and if you can't agree what the issue is,

12  then not much for me to do.

13          Now, as far as all these issues about timing, scope,

14  et cetera, obviously they will have to be briefed.  They

15  cannot be handled over a phone call.  I will require the

16  defendants, as best they can, to identify, or to use the

17  language of the rule, "...designate one or more officers,

18  directors, or managing agents, or designate other persons who

19  consent to testify on its behalf."  They say that there are

20  two or three people that they may ask to do this.  I would

21  direct that the designation be made by June 2nd, that is,

22  supplied to the plaintiffs.

23          Now, as to when the deposition is going to be taken,

24  to some extent it puzzles me that the plaintiffs want to go

25  ahead now, without me knowing much about the issues, to

1    depose these 30(b)(6) witnesses without waiting for documents

2    to come in, but that's up to them.  It's highly unlikely in

3    this court that you'll be able to go back and redepose them.

4    You get one shot, and that's it unless, as you say, there is

5    good cause.  I don't think good cause is wanting to depose

6    people before you have appropriate documents to use in the

7    deposition.

8           That's an advisory opinion which will hold no weight

9    at any other time that I may rule on something.  So I'm going

10   to require the designation.  If in this case the defendant

11   wishes to file a protective order as to the date of the

12   depositions, not a protective order, a protective motion

13   under 26(c), I believe it is, they are free to do so saying

14   it is too early or whatever.  You can file a motion to compel

15   on the part of the plaintiffs.  That is as far as I'm going.

16   I'm going to have them tell who the name of the person is and

17   designate as far as the issues.  They don't have to say what

18   the person is going to testify to but the issues that are

19   contained in the deposition subpoena or notice of deposition.

20          So my ruling is just on a minor issue because all

21   the others are in need of a meet and confer.  Any question?

22          MR. BARKER:  Your Honor, this is Cory Barker for the

23   defendants.  I just have a quick question for you to make

24   sure we are on the same page and I understand everything.  We

25   will make our designation as directed.  Will we have the

```
1   opportunity, for example, if we work through this, if we
2   identify that there are additional individuals who may need
3   to testify at a particular point to satisfy some particular
4   issue, like a 20-page notice here, will we have the
5   opportunity to do that?
6           I just don't want to face the situation where
7   plaintiffs assert in the future that we had to designate
8   everybody by June 2nd, if we don't, then we are waiving some
9   rights or we are limited in some way to identify additional
10  witnesses if it's necessary to do so?
11          THE COURT:  Under the rules you have the right to
12  supplement discovery if you find an issue comes up that you
13  thought a witness had knowledge about but it turns out
14  somebody has more knowledge, we'll take that up when it
15  comes.
16          MR. BARKER:  Thank you, sir.
17          MR. FRIEDMAN:  Your Honor, this is -- I apologize.
18  I didn't mean to interrupt.
19          THE COURT:  Go ahead.
20          MR. FRIEDMAN:  Your Honor, this is Joshua Freedman.
21  I just have a clarification question.  Without defendants
22  making a protective order or the plaintiffs making a motion
23  to compel these depositions, and without an agreement as to
24  date, it could be that we just go forward at this point
25  without being able to take the depositions.  I wanted to ask
```

if perhaps your instructions could include the defendants to

provide available dates for the people whom they are making,

people whom they are telling us are going to testify, with

the understanding that the plaintiffs will confer with them

and serve notices of deposition based on that availability so

that, assuming that we don't have any further problems, using

the instructions the Court has already given, we can

basically get the show on the road?

THE COURT:  Ms. Sullivan, that sounds reasonable to

me.

MS. SULLIVAN:  It does sound reasonable but for the

major discovery dispute that I suspect we will be moving for

a protective order on.  As you said, Judge, I'm a little

concerned.  I mean, to your point, if they want to go forward

with the document issues not being resolved, that will be

okay with us.  I just -- I don't want my witnesses to be

under some -- let's just say the motion, our protective order

is ruled upon in our favor, then it's no trouble.  But if we

lose and then the plaintiffs say, oh, well, you've got to

come back and all these documents weren't produced, it just

seems that we should wait until that is resolved.

But we will file a motion on that, and we are happy

to go ahead and start getting available dates.

THE COURT:  All right.  Then provide the available

dates by June 2nd for each of the designated witnesses as

```
1   30(b)(6) witnesses.  You should have plenty of time to do
2   that.  Anything else?
3              MS. SULLIVAN:  Thank you, Your Honor.
4              MS. REISCH:  Thank you, Your Honor.
5              THE COURT:  Well, I await your motions for
6   protection and also your motions to compel.  I'm sure they
7   will be interesting.
8              All right.
9              MR. BARKER:  We will do our best.
10             THE COURT:  I will enter an order, and Ms. Stewart
11  can type up the transcript if you want her to.  Let me let
12  her give you her phone number.
13             (Reporter gives telephone number.)
14             THE COURT:  Of course, that is area code 757.  She
15  lives in the same area code I do.
16             All right.  Thank you.  Bye.
17             (Hearing adjourned at 4:28 p.m.)
18
19
20
21
22
23
24
25
```

1                          CERTIFICATION

2

3       I certify that the foregoing is a correct transcript

4   from the record of proceedings in the above-entitled matter.

5

6

7           X_____/s/_____x

8                        Jody A. Stewart

9                X_____6-4-2014 _____x

10                          Date

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JODY A. STEWART, Official Court Reporter