# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| JANET AVILES, JAMIEKA BROWN, STEPHANIE JACKSON, and KEL SHARPE, on behalf of themselves and all others similarly situated, | CASE NO.: 2:13-cv-00418 (AWA) (TEM) |
| Plaintiffs, | |
| vs. | |
| BAE SYSTEMS NORFOLK SHIP REPAIR, INC., and BAE SYSTEMS SHIP REPAIR INC., | |
| Defendants. | |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT

Having reviewed the unopposed motion of plaintiffs Janet Aviles, Jamieka Brown, Stephanie Jackson, and Kel Sharpe, individually and on behalf of all others similarly situated ("Plaintiffs"), for final approval of the class action Settlement Agreement and Joint Stipulation ("Settlement")[1] between Plaintiffs and defendants BAE Systems Norfolk Ship Repair, Inc. and BAE Systems Ship Repair, Inc. ( "BAE Systems" or "Defendants), collectively the "Parties," the memorandum and declarations filed in support, the pleadings and record in this action, the evidence and argument received by the Court at the Final Approval Hearing held on February 10, 2016, and good cause appearing therefore, the Court **HEREBY ORDERS and MAKES DETERMINATIONS** as follows:

1.      The Court has jurisdiction over this action and all Parties in the action pursuant to 28 U.S.C. § 1331.

---

[1] The Settlement terms and definitions are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meaning attributed to them in the Settlement.

2.      Pursuant to this Court's September 28, 2015 Order Granting: (1) Preliminary Approval of Class Action Settlement; (2) Preliminary Certification of Settlement Class; (3) Approval of Notice Plan; and (4) Setting Schedule for Final Approval ("Order Granting Preliminary Approval") (Dkt. 105), a Notice of Pendency of Class Action Settlement, Verification form and instructions, and Exclusion Statement form and instructions were sent to each Sub-Class B/Monetary Relief Class Member by first-class mail. These papers informed class members of the terms of the Settlement, their rights under the Settlement (including, but not limited to, their right to participate in the monetary portion of the Settlement and/or object to the Settlement, or their right to request to be excluded from the monetary relief provided in the Settlement), and the date and location of the final approval hearing. The Settlement Administrator also made information available on a website established for class members. Adequate periods of time were provided for each of these procedures. The notice constituted the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and due process.

3.      For the reasons set forth in this Court's Order Granting Preliminary Approval, the Court finds and determines that the Settlement Class, as defined in paragraphs 4, 36 and 38 of the Settlement, meets all of Rule 23's requirements for class certification, and it is hereby ordered that the Settlement Class, including a Sub-Class A/Injunctive Relief Class and a Sub-Class B/Monetary Relief Class, is finally approved and certified as a class for purposes of the Settlement.

4.      Final approval of the Parties' Settlement is GRANTED. The Court has reviewed the terms of the Settlement, including the injunctive and monetary relief provisions, the allocation plan, the release of claims for members of Sub-Class A, Sub-Class B, and the Named Plaintiffs and Former Named Plaintiffs, and the provisions regarding attorneys' fees and costs, and finds them fair, reasonable and adequate. The Court finds that the Parties entered into the

Settlement in good faith and without collusion, following extensive arms' length negotiation between their respective counsel.

5.     Only one class member requested exclusion from the Settlement, and no class members filed objections to the Settlement. Settlement Class Members who have not requested exclusion will be bound by the Settlement.

6.     The procedures for allocating the monetary relief as indicated in the Settlement are fair, reasonable and adequate. The Court hereby gives final approval to and orders that Settlement Share payments be made out of the Settlement Fund in accordance with the terms of the Settlement.

7.     The Court finds and determines that the service awards provided in the Settlement are fair and reasonable and that, in addition to individual Settlement Shares:

     a.  Class Representatives Aviles, Brown, Jackson and Sharpe shall receive service awards of $120,000 each;

     b.  Former Named Plaintiffs Ann Marie Cutrell, Alfreda Dupree, and Sheila Fields shall receive $10,000 each from the Settlement Fund; and,

     c.  Former Named Plaintiffs Kimberly Davis and Rita Hobbs shall receive $20,000 each from the Settlement Fund.

8.     For the reasons set forth in Class Counsel's Petition for Fees and Costs (Dkt. 106) and Motion for Final Approval of Class Action Settlement (Dkt. 107), the Court finds and determines that the payments of fees in the amount of One Million Dollars ($1,000,000) and costs in the amount of $115,253.89, to Class Counsel Friedman & Houlding, LLP and Equal Rights Advocates are fair and reasonable. The Court hereby gives final approval to and orders that payment of the above fees and costs be made to Class Counsel in accordance with the terms of the Settlement.

9.     The Court finds and determines that the fees and expenses of the Settlement Administrator, Settlement Services, Inc. ("SSI"), up to $23,000, are fair and reasonable. The Court hereby gives final approval to and orders that the payment of up to $23,000 costs and

expenses be paid to SSI from the Settlement Fund in accordance with the terms of the Settlement.

10.    The Settlement Agreement shall be entered as an Order of this Court. The Parties are hereby ordered to comply with the terms of the Settlement. The Settlement Agreement shall remain in effect for two years from the date of entry of the Final Approval Order for this Settlement (or the Effective Date, if later, as defined in the Settlement Agreement).

11.    Members of Sub-Class A resolve fully and finally any claim made with respect to class-wide injury arising from alleged sexual harassment or retaliation by Defendants as alleged in the Amended Complaint.

12.    Members of Sub-Class B who did not request exclusion, including the Class Representatives/Named Plaintiffs and Former Named Plaintiffs, are permanently barred from prosecuting against the Released Parties any of the Released Claims as defined in Paragraph 104 of the Settlement. Class Representatives and Former Named Plaintiffs also are permanently barred from prosecuting against the Released Parties the claims released in the Supplemental Agreement and General Release of Claims each signed as a condition of receiving service awards, as set forth in the Settlement and Supplemental Agreement and General Release of Claims.

13.    The action is hereby DISMISSED with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement.

14.    The Court will have continuing jurisdiction over the Action and the Settlement during the Term of this Agreement solely for purposes of enforcing the Settlement, addressing settlement administration matters, and addressing such post-Judgment matters as may be appropriate under court rules or applicable law.

15.    Class Counsel shall file with the Court a notice of satisfaction of judgment in a form acceptable to Defendants within ten (10) days after the Settlement Administrator submits its final accounting to the parties reflecting that checks were issued and mailed to all

-4-

Participating Sub-Class B Members who timely completed the verification process pursuant to the Settlement.

      16.     This order is intended to constitute and will constitute final judgment in this action pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: 2·10·16

Arenda L. Wright Allen
United States District Judge

The Hon. Arenda Wright Allen
United States District Judge